## IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| In re | ) Case No. 21-40540-399 |
| | ) [Motion for Joint Administration Pending] |
| MISSOURI JACK, LLC, *et al*, | ) Chapter 11 |
| | ) Hon. Barry S. Schermer |
| | ) |
| Debtors and Debtors in Possession. | ) Hearing Date:  February 19, 2021 |
| | ) Hearing Time: 10:00 a.m. |

**EMERGENCY FIRST-DAY MOTION BY MISSOURI JACK, LLC,
ILLINOIS JACK, LLC, AND CONQUEST FOODS, LLC, DEBTORS AND
DEBTORS IN POSSESSION, PURSUANT TO 11 U.S.C. §§ 105(A), 345, 363
AND 364(A) AND FED. R. BANKR. P. 6003 AND 6004 FOR AUTHORITY
TO MAINTAIN BUSINESS FORMS AND EXISTING BANK ACCOUNTS
<u>AND RELATED RELIEF</u>**

Missouri Jack, LLC ("**MoJack**"), Illinois Jack, LLC ("**IlJack**"), and Conquest Foods, LLC ("**Conquest**," and together with MoJack and IlJack, the "**Debtors**"), by and through their undersigned counsel, file the within Emergency First-Day Motion (the "**Bank Account Motion**") for Authority to Maintain Business Forms and Existing Bank Accounts and Related Relief, pursuant to 11 U.S.C. §§ 105(a), 345, 363 and 364(a) (the "**Bankruptcy Code**"), Rules 4001, 6003(b), 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and the Local Bankruptcy Rules for the Eastern District of Missouri (the "**Local Bankruptcy Rules**").  The Debtors have separately filed a *Declaration of Hamid Sharafatian in Support of Debtors' Emergency First-Day Motions* that contains evidence in support of this Bank Account Motion and is therefore incorporated herein by reference.

### INTRODUCTION

1. MoJack and IlJack collectively own and operate 70 Jack in the Box restaurants throughout Missouri and Illinois pursuant to various franchise and related agreements

("**Franchise Documents**") with Jack in the Box Inc., a Delaware corporation, and its affiliated entities (collectively, together with any of their assignees, "**JIB**"). MoJack and IlJack collectively employ 1,660 active full and part time employees, of which MoJack employs 1,338 and IlJack employs 332. Conquest is the sole member of MoJack and IlJack. The sole manager of MoJack and IlJack is TNH Partners, LLC, a California limited liability company ("**TNH**"). TNH is also the sole managing member of Conquest.

2. MoJack's principal place of business is located at 13768 Shoreline Drive, Earth City, Missouri, 63045. Pursuant to the Franchise Documents, MoJack currently owns and operates 57 Jack in the Box restaurants in Missouri ("**MoJack Franchise Restaurants**").

3. IlJack's principal place of business is also located at 13768 Shoreline Drive, Earth City, Missouri, 63045. IlJack is also a party to the Franchise Documents, pursuant to which it currently owns and operates 13 Jack in the Box restaurants in Illinois ("**IlJack Franchise Restaurants**," and, together with the MoJack Franchise Restaurants, "**Franchise Restaurants**").

4. Conquest is a co-franchisee of the Franchise Restaurants under the Franchise Documents. Conquest is also a co-borrower under a loan from City National Bank ("**CNB**") the (Debtors' largest creditor apart from JIB), and a co-defendant in a lawsuit filed by CNB (discussed below). Conquest does not have operations or employees of its own, and its primary assets are its membership interests in the Debtors and its rights under the Franchise Documents.

5. The Debtors and Conquest filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on February 16, 2021 ("**Petition Date**") and have filed a motion seeking joint administration of their cases. The Debtors and Conquest filed Chapter 11 to implement a restructuring agreement that has been reached with JIB and to reorganize their financial affairs.

This Bank Account Motion is one of several first-day motions being filed by the Debtors.[1]

6. No trustee has been appointed in these cases, and the Debtors are operating their businesses and managing their assets as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

7. The relief requested is necessary to avoid irreparable harm and appropriate because the Debtors require the ability to use existing bank accounts, use existing business forms to continue operations, continue paying suppliers and vendors in the ordinary course of their businesses, and to continue to honor payroll obligations without unnecessary and costly interruption of these functions. Delays associated with closing and opening accounts will adversely impact the Debtors cash flow and ability to operate. This is particularly true for the merchant accounts used for processing credit card purchases.  It is axiomatic that closing credit card processing accounts and reopening new ones will results in significant disruption and delay to the detriment of the Debtors' operations.

8. If there is an interruption in the Debtors' ability to timely remit payment to vendors and suppliers and or timely pay their employees, there is a possibility that vendors and suppliers may discontinue providing goods and services to the Debtors, and employees may cease providing necessary labor to keep the Debtors' businesses operating.  Indeed, any interruption in business operations could cause loss of public support and patronage to the Debtors' businesses, which could potentially not be recaptured upon re-installation of operations.

9. Accordingly, the Debtors submit that the relief sought herein is necessary to avoid irreparable harm, to allow continued operations, and to facilitate achieving the reorganizational goals of these Chapter 11 cases.

---

[1] In addition to the first-day motions that have been filed, the Debtors have the following additional "first day" motions that were not completed in time for the emergency filing due to time constraints: (a) honor customer programs, (b) DIP financing, (c) critical vendor, and (d) limiting notice.

3

## CONCISE STATEMENT OF RELIEF REQUESTED

10. Pursuant to Sections 105(a), 345, 363 and 364(a) of the Bankruptcy Code and Bankruptcy Rules 4001, 6003(b), 6004 and 9014, the Debtors set forth the following concise statement of the relief requested in this Bank Account Motion:

> The Debtors seek entry of an Order authorizing the Debtors to continue use of their existing Bank Accounts, as defined below, held at Bank of America, and continue using their existing Business Forms, and directing Bank of America to honor payments, checks, ACH transfers and other Electronic transactions as set forth herein and as otherwise authorized by the Court.

## JURISDICTION AND VENUE

11. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334.

12. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

13. The venue of these cases and this Bank Account Motion are proper in this district under 28 U.S.C. §§ 1408 and 1409(a). MoJack is a registered Missouri limited liability company that has both its principal place of business and its principal assets in the Eastern District of Missouri. IlJack has its principal business office in Missouri. Furthermore, IlJack and Conquest are related cases to the lead case filed by MoJack. Additionally, this Bank Account Motion is a proceeding arising in cases under the Bankruptcy Code that are properly commenced in this district.

14. The statutory predicates for the relief requested herein are Sections 105(a), 345, 363 and 364(a) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004.

## FACTUAL BASIS FOR THIS BANK ACCOUNT MOTION

15. The Debtors are in the businesses of operating the Franchised Restaurants.

16. The Debtors currently maintain accounts at Bank of America (collectively, the "**Bank Accounts**") as follows:

4

A. **MoJack Accounts:**

| Account Title | Last 4 Digits of Acct. No. | Description | Function |
|---|---|---|---|
| Depository | 5538 | Holding Income Account | All cash deposit Electronically made daily |
| General/AP | 3493 | ZBA Check/AP account | Vendor checks clear daily, transfer to Depository |
| Grub Hub | 3185 | ZBA Third Party Income Account | Fund deposited by Grub Hub weekly Auto transfer to Depository |
| Merchant | 5567 | ZBA Chase/Amex/Discover Income Account | Fund deposited by CC Processors daily Auto transfer to Depository |
| Payroll | 5554 | ZBA Payroll Account | Payroll checks clear daily, transfer to Depository |
| Uber Eats/ DoorDash | 1151 | ZBA Third Party Income Account | Fund deposited by 3rd party Delivery Cos. weekly Auto transfer to Depository |

B. **IlJack Accounts:**

| Account Title | Last 4 Digits of Acct. No. | Description | Function |
|---|---|---|---|
| Depository | 4066 | Holding Income Account | All cash deposit Electronically made daily |
| General/AP | 2630 | ZBA Check/AP account | Vendor checks clear daily, transfer to Depository |
| Grub Hub | 1957 | ZBA Third Party Income Account | Fund deposited by Grub Hub weekly Auto transfer to Depository |
| Merchant | 4079 | ZBA Chase/Amex/Discover Income Account | Fund deposited by CC Processors daily Auto transfer to Depository |
| Payroll | 4215 | ZBA Payroll Account | Payroll checks clear daily, transfer to Depository |
| Uber Eats/ DoorDash | 1627 | ZBA Third Party Income Account | Fund deposited by 3rd party Delivery Cos. weekly Auto transfer to Depository |

C. **Conquest Account:**

| Account Title | Last 4 Digits of Acct. No. | Description | Function |
|---|---|---|---|

| General | 7408 | Holding Income Account | Holding Income Account/Check/AP account |

17. The Debtors require the continued use and access to the Bank Accounts to avoid the irreparable harm that could result from an interruption of operations to the detriment of their ongoing businesses and to stakeholders of the Debtors' estates. As stated, closing credit card processing accounts to reopen new ones will results in significant disruption and delay in processing credit card purchases to the detriment of the Debtors' operations. Such interruption could lead to loss of sales as well as loss of customers that may not be recaptured upon reinstallation of business operations.

18. The Debtors intend to open a new Debtor-in-Possession Depository Accounts ("**DIP Depository Accounts**") with Bank of America on the Petition Date. The other Bank Accounts are zero balance accounts, and the Debtors will have Bank of America link the remaining Bank Accounts to the DIP Depository Accounts.

**RELIEF REQUESTED**

19. By this Bank Account Motion, pursuant to Sections 105(a), 345, 363 and 364(a) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004, the Debtors request authority to: (i) maintain business forms and their existing Bank Accounts; and (ii) for related relief.

20. The Debtors further request that the Court authorize and direct Bank of America to receive, process, honor, and pay all checks presented for payment and electronic payment requests relating to the foregoing to the extent directed by the Debtors in accordance with this Bank Account Motion, whether such checks were presented, or electronic requests were submitted, before or after the Petition Date, and that Bank of America be authorized to rely on the Debtors' designations of any particular check or electronic payment request as appropriate

pursuant to this Bank Account Motion, without any duty of further inquiry, and without liability for following the Debtors' instructions. The Debtors also request that the Court authorize Bank of America to continue to charge Bank Fees (as defined below) and to charge back returned items to the Bank Accounts, whether such items are dated before, on or after the Petition Date.

21. In the ordinary course of their businesses, the Debtors incur and pay, honor, or allow to be deducted from the appropriate Bank Accounts service charges and other fees, costs and expenses charged by the Banks (collectively, the "**Bank Fees**").

22. In the ordinary course of their businesses, the Debtors use a variety of correspondence and business forms, including, among other things, purchase orders, invoices and letterhead (collectively, the "**Business Forms**").

23. To minimize expenses, the Debtors seek authority to continue using all Business Forms in use immediately prior to the commencement of these chapter 11 cases, without reference to the Debtors' status as debtors in possession. The Debtors have prepared communications to the various parties with which the Debtors conduct business, which will, among other things, notify such parties of the commencement of these chapter 11 cases. The Debtors believe that these communications will provide adequate notice of the Debtors' status as debtors-in-possession.

24. Furthermore, in order to avoid any confusion and to comply with the United States Trustee's applicable guidelines, the Debtors propose to open the DIP Depository Accounts and to have the remaining Bank Accounts, which are zero balance accounts, linked to the DIP Depository Accounts, thereby allowing existing outstanding payment requests to be drawn from the DIP Depository Accounts without interruption.

***(i)  Payment of Prepetition Bank Fees and Similar Service Charges is in the Debtors' Best Interests***

25. The Court may authorize the payment of prepetition claims in appropriate circumstances under Section 105(a) of the Bankruptcy Code and the doctrine of necessity when such payment is essential to the continued operation of a debtor's business. *See Lehigh and New England Ry. Co.*, 657 F.2d 570, 581 (3d Cir. 1981) (recognizing that payments of prepetition claims that are necessary for continued operations will benefit the interests of all parties); *See also, e.g., In re C.A.F. Bindery, Inc.*, 199 B.R. 828, 835 (Bankr. S.D.N.Y. 1996); *In re Fin. News network Inc.*, 134 B.R. 732, 735-36 (Bankr. S.D.N.Y. 1991); *see also In re Co Serv, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002) ("[I]t is only logical that the bankruptcy court be able to use § 105(a) of the Bankruptcy Code to authorize satisfaction of the prepetition claim in aid of preservation or enhancement of the estate.").

26. Payment of the prepetition Bank Fees, and any similar service charges, is in the best interests of the Debtors, the estates, and all parties in interest as it will prevent disruption in the use of the Bank Accounts, which, in turn, will hinder the Debtors' ability to successfully reorganize. Accordingly, the Debtors seek authority to pay any outstanding prepetition Bank Fees and other similar service charges pursuant to Sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004.

***(ii)  Maintenance of the Debtors' Existing Bank Accounts and Business Forms is Warranted***

27. The Debtors seek an order authorizing and directing Bank of America to (i) continue to treat, service and administer the Bank Accounts, as accounts of the Debtors as debtors-in-possession, without interruption and in the usual and ordinary course and (ii) receive, process, honor, and pay all checks, drafts, wires, or ACH Payments drawn on the Bank Accounts

8

after the Petition Date by the holders or makers thereof, as the case may be; provided that any payments issued or made prior to the Petition Date will not be honored absent direction of the Debtors and an Order of the Court.

28. It would be difficult and unduly burdensome for the Debtors to open new bank accounts for their centralized operations and various locations. The delays that would result from opening these accounts, revising cash management procedures, and instructing business associates to redirect payments, would disrupt the Debtors' businesses at this critical time, all to the detriment of the Debtors' employees, clients, and creditors. If the Debtors were required to close all existing Bank Accounts and open new accounts, many of the Debtors' business associates would have to update their account information. This could result in significant delays, a significant burden on Debtors' financial staff, and JIB's franchise fees and other creditors not being paid timely on a post-petition basis.

29. These chapter 11 cases will be more orderly if the Debtors are permitted to maintain the Bank Accounts with the same account numbers during these cases. Continual use of the Bank Accounts will ensure cash availability and liquidity, ensure compliance with the requirements of the Franchise Documents and contracts, reduce administrative expenses, and enhance the development of accurate account balances. By preserving business continuity and avoiding disruption and delay, all parties in interest, including employees, vendors, and customers, will be best served by the relief requested herein.

30. The Debtors request authorization to use all correspondence and other business forms (including letterheads, purchase orders, invoices, and all other business forms) as such forms were in existence prior to the commencement of these Chapter 11 cases. Further, in light of the expense and delay attendant in ordering entirely new business forms, the Debtors believe it

9

is appropriate to use their existing correspondence and other business forms without any reference to the Debtors' current status as debtors-in-possession.

### *(iii)* *The Debtors Have Satisfied Bankruptcy Rule 6003(b)*

31. Bankruptcy Rule 6003(b) provides that, to the extent relief is necessary to avoid immediate and irreparable harm, a bankruptcy court may issue an order granting "a motion to use, sell, lease, or otherwise incur an obligation regarding property of the estate, including a motion to pay all or part of a claim that arose before the filing of the petition" before 21 days after filing of the petition.

32. Here, the interruption of the use of the Bank Accounts and other relief requested herein likely would cause irreparable harm to the Debtors' businesses by interfering with the flow of funds. Accordingly, the Debtors submit that the relief requested herein is necessary to avoid immediate and irreparable harm, and, therefore, Bankruptcy Rule 6003 is satisfied.

### *(iv)* *Request for Bankruptcy Rule 6004(a) and (h) Waiver*

33. To implement the foregoing successfully, the Debtors seek a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h).

34. As explained above, the relief requested herein is necessary to avoid immediate and irreparable harm to the Debtors. Accordingly, ample cause exists to justify the waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14-day stay imposed by Bankruptcy Rule 6004(h), to the extent such notice requirements and such stay apply.

## REQUEST FOR EXPEDITED RELIEF

35. In order to obtain a hearing on an expedited basis, a movant must show the reason the matter should be considered on an expedited or emergency basis. Bankr. E.D. Mo.

L.R. 9013-2

36. In the instant case, just cause exists for the Court to hold an expedited hearing on this matter as a obtaining a determination on the Bank Account Motion under the normal notice period would cause the Debtors to incur harm.

37. Specifically, the Debtors will incur harm if a hearing and relief is not granted on an expedited basis because the Debtors will be unable to timely meet ongoing obligations for franchise fees, critical trade creditors and employee payroll.  The Debtors inability timely pay franchise fees will jeopardize the franchise agreements as well as the proposed restructuring arrangement negotiated with JIB.  Further, the Debtors inability to pay critical vendors will cause them to cease providing goods and services necessary for business operations.  Finally, it will also likely cause disruption in the Debtors workforce by virtue of the Debtors' employees ceasing to provide necessary services thereby interfering with the Debtors' business operations and thwarting their reorganization efforts.

38. As discussed above, the Debtors have an immediate need to pay critical vendors and employees to continue operating.

39. The need for expedited hearing was not caused by lack of due diligence because the instant Bank Account Motion and substantive relief was not available to the Debtors until the petitions were filed and the instant Bank Account Motion has been filed shortly thereafter.

40. Accordingly, the Debtors respectfully request the Court schedule the Bank Account Motion for hearing on an expedited basis.

**NOTICE**

41. The Debtors will provide notice of this Bank Account Motion to all parties who appear on the Master Service List and Notice of this Bank Account Motion to all those who

appear on the Master Notice List as well as those parties effected by this Bank Account Motion, by way of Fed-Ex Overnight Delivery in accordance with Local Bankruptcy Rule 9013-3(A)(1) and (D).

42. The Debtors also notified the U.S. Trustee of the filing of these Bankruptcy Cases and their intent to file this Bank Account Motion at least 24 hours prior to the filing in accordance with Local Bankruptcy Rule 9013-3(A)(2).

43. Accordingly, the notice of this Bank Account Motion has been adequate and in compliance with the requirements of the Bankruptcy Rules and Local Bankruptcy Rules.

## **RESERVATION OF RIGHTS**

44. Nothing contained herein is intended or shall be construed as (i) an admission as to the validity of any claim against the Debtors; (ii) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors; (iii) a waiver of any claims or causes of action which may exist against any creditor or interest holder; or (iv) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program or policy between the Debtors and any third party under Section 365 of the Bankruptcy Code. Likewise, if the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended to be and should not be construed as an admission to the validity of any claim or waiver of the Debtors' right to dispute such claim subsequently.

**WHEREFORE,** the Debtors respectfully request immediate entry an Order granting the relief requested herein, and the Debtors pray that this Court grant such other relief that is just and proper.

Dated: February 16, 2021					LEECH TISHMAN FUSCALDO & LAMPL, INC.


Sandford L. Frey #117058CA
Leech Tishman Fuscaldo & Lampl, Inc.
200 South Los Robles Avenue, Suite 300
Pasadena, CA 91101
(626) 796-4000
sfrey@leechtishman.com

[Proposed] Reorganization Attorneys for
Missouri Jack, LLC, Illinois Jack, LLC, and
Conquest Foods, LLC,
Debtors and Debtors in Possession
*Pro Hac Vice Admission pending*

Respectfully Submitted,

Date: February 16, 2021					SUMMERS COMPTON WELLS LLC
By     /s/   David A Sosne
David A. Sosne (#28365MO)
Brian J. LaFlamme (#49776MO)
Seth A. Albin (#46483MO)
8909 Ladue Road
St. Louis, MO 63124
(314) 991-4999
(314) 991-2413 Fax
Email:
dasattymo@summerscomptonwells.com
blaflmme@summerscomptonwells.com
salbin@summerscomptonwells.com

[Proposed] Reorganization Attorneys for
Missouri Jack, LLC, Illinois Jack, LLC, and
Conquest Foods, LLC,
Debtors and Debtors in Possession

13

## Schedule 1

**MoJack Accounts:**

| Account Title | Last 4 Digits of Acct. No. | Description | Function |
|---|---|---|---|
| Depository | 5538 | Holding Income Account | All cash deposit Electronically made daily |
| General/AP | 3493 | ZBA Check/AP account | Vendor checks clear daily, transfer from Depository |
| Grub Hub | 3185 | ZBA Third Party Income Account | Fund deposited by Grub Hub weekly Auto transfer to Depository |
| Merchant | 5567 | ZBA Chase/Amex/Discover Income Account | Fund deposited by CC Processors daily Auto transfer to Depository |
| Payroll | 5554 | ZBA Payroll Account | Payroll checks clear daily, transfer from Depository |
| Uber Eats/ DoorDash | 1151 | ZBA Third Party Income Account | Fund deposited by 3rd party Delivery Cos. weekly Auto transfer to Depository |

**IlJack Accounts:**

| Account Title | Last 4 Digits of Acct. No. | Description | Function |
|---|---|---|---|
| Depository | 4066 | Holding Income Account | All cash deposit Electronically made daily |
| General/AP | 2630 | ZBA Check/AP account | Vendor checks clear daily, transfer from Depository |
| Grub Hub | 1957 | ZBA Third Party Income Account | Fund deposited by Grub Hub weekly Auto transfer to Depository |
| Merchant | 4079 | ZBA Chase/Amex/Discover Income Account | Fund deposited by CC Processors daily Auto transfer to Depository |
| Payroll | 4215 | ZBA Payroll Account | Payroll checks clear daily, transfer to Depository |
| Uber Eats/ DoorDash | 1627 | ZBA Third Party Income Account | Fund deposited by 3rd party Delivery Cos. weekly Auto transfer from Depository |

**Conquest Account:**

| Account Title | Last 4 Digits of Acct. No. | Description | Function |
|---|---|---|---|
| General | 7408 | Holding Income Account | Holding Income Account/Check/AP account |

#2649058v1                                14