**SO ORDERED**

Provisionally granted until an order is entered after a final hearing on this document.

No later than two business days after the entry of this Order, the Debtors shall serve a copy of this Order and shall file a certificate of service no later than one business day after service.

**Feb 17, 2021**

*Barry S. Schermer*
**BARRY S. SCHERMER**
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| In re: ) | |
| MISSOURI JACK, LLC, et al. ) | Case No. 21-40540-399 |
| ) | Honorable Barry S. Schermer |
| ) | Chapter 11 |
| ) | Joint Administration Requested |
| Debtors. ) | |
| ) | Hearing Date: February 19, 2021 |
| ) | Hearing Time: 10:00 a.m. |

**MOTION OF MISSOURI JACK, LLC, ILLINOIS JACK, LLC AND CONQUEST FOODS, LLC, DEBTORS AND DEBTORS-IN-POSSESSION, FOR ORDER AUTHORIZING (1) THE EMPLOYMENT OF LEECH TISHMAN FUSCALDO & LAMPL, INC. AS CHAPTER 11 COUNSEL; (2) AUTHORIZING DRAW DOWN ON CHAPTER 11 RETAINER; AND (3) AUTHORIZING MONTHLY PAYMENT OF 80% OF PROFESSIONAL FEES AND 100% OF PROFESSIONAL EXPENSES IN ACCORDANCE WITH LOCAL BANKRUPTCY RULE 2016-2(B) AND THE COURT'S GUIDELINES FOR COMPENSATION**

PLEASE TAKE NOTICE THAT in accordance with sections 327(a), 330, and 1107 of title 11 of the United States Code ("**Bankruptcy Code**"), the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**"), the Local Bankruptcy Rules of the United States Bankruptcy Court for the Eastern District of Missouri ("**Local Bankruptcy Rules**"), including Local Bankruptcy Rules 2014, 2016-1 and 2016-2, Missouri Jack, LLC, a Missouri limited liability company ("**MoJack**"), Illinois Jack, LLC, an Illinois limited liability company ("**IlJack**," and together with MoJack, "**Debtors**"), and Conquest Foods, LLC, a Delaware limited liability company ("**Conquest**"), debtors and debtors-in-possession in their respective cases (which are requesting joint administration pursuant to separate motion) hereby moves this Court for an order authorizing: (1) the employment of Leech, Tishman, Fuscaldo & Lampl, Inc. ("**Leech Tishman**") as each of their Chapter 11 counsel effective as of the commencement of these Chapter 11 cases; (2) authorizing draw down on the Chapter 11 retainers in accordance with the

#2649450v1                                     1

procedures prescribed by the Local Bankruptcy Rules; and (3) authorizing monthly payment of 80% of professional fees and 100% of professional expenses in accordance with Local Bankruptcy Rule 2016-2(B) and the Court's "Guidelines For Compensation" set forth in the Procedures Manual ("**Motion**").

In support of this Motion, the Debtors and Conquest rely on the accompanying Declarations of Hamid Sharafatian ("Sharafatian Declaration") and Sandford L. Frey ("Frey Declaration"), and respectfully represents and alleges as follows:

I. INTRODUCTION

1. MoJack and IlJack collectively own and operate 70 Jack in the Box restaurants throughout Missouri and Illinois pursuant to various franchise and related agreements ("**Franchise Documents**") with Jack in the Box Inc., a Delaware corporation, and its affiliated entities (collectively, "**JIB**"). The Debtors collectively employ 1,660 active full and part time employs, of which MoJack employees 1,338 and IlJack employs 332. Conquest is the sole member of MoJack and IlJack, and the sole manager of MoJack and IlJack is TNH Partners, LLC, a California limited liability company ("**TNH**"). TNH is also the sole managing member of Conquest.

2. Pursuant to the Franchise Documents, MoJack currently owns and operates 57 Jack in the Box restaurants in Missouri ("**MoJack Franchise Restaurants**"). IlJack is also a party to the Franchise Documents, pursuant to which it currently owns and operates 13 Jack in the Box restaurants in Illinois ("**IlJack Franchise Restaurants**," and, together with the MoJack Franchise Restaurants, "**Franchise Restaurants**").

3. Conquest is a co-franchisee of the Franchise Restaurants under the Franchise Documents. Conquest is also a co-borrower under a loan from City National Bank ("**CNB**") (the largest creditor of the Debtors and Conquest apart from JIB), and a co-defendant in a lawsuit filed

#2649450v1    2

by CNB (discussed below). Conquest does not have operations or employees of its own, and its primary assets are its membership interests in the Debtors and its rights under the Franchise Documents.

4. The Debtors and Conquest filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code on February 16, 2021 ("**Petition Date**"), and are filing a motion in the MoJack case seeking joint administration of their cases under the case entitled *In re Missouri Jack, LLC, et al.* The Debtors and Conquest filed Chapter 11 to finalize and implement a restructuring agreement that has been negotiated with JIB and to reorganize their financial affairs.

5. No trustee has been appointed in these cases, and the Debtors are operating their businesses and managing their assets as debtors in possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

6. The relief requested herein is necessary and appropriate as the Debtors and Conquest require the services of experienced and competent bankruptcy counsel to guide it through this Bankruptcy proceeding. Moreover, Leech Tishman has been engaged in efforts toward an out of court workout for over a year and has been working on the specific workout proposal with JIB for nearly a year. It would not be cost effective to change counsel at this stage of the proceedings. Leech Tishman is not owed any fees in connection with its pre-petition services. The Debtors have also engaged the services of David A. Sosne of the law firm of Summers Compton Wells LLC, as proposed Local Counsel ("**Local Counsel**") for the Debtors, pending entry by this Court of a final order of appointment under Bankruptcy Code § 327(a).

7. In the interest of brevity, Leech Tishman is filing this one Motion for all three Debtors in contemplation of joint administration being granted.

II. **CONCISE STATEMENT OF RELIEF REQUESTED IN THIS MOTION**

The Debtors and Conquest expect various legal issues to arise in the administration of these Bankruptcy Cases that will require the services of experienced and competent bankruptcy counsel. The Debtors and Conquest seek to employ Leech Tishman as their Chapter 11 counsel at the expense of the Bankruptcy estates. The Debtors and Conquest further seek to have Leech Tishman's employment deemed effective as of the Petition Date. The Debtors and Conquest have selected Leech Tishman because Sandford L. Frey ("**Mr. Frey**") and other Leech Tishman attorneys have considerable bankruptcy experience, and the Debtors and Conquest believe that Mr. Frey and Leech Tishman are well-qualified to represent the Debtors and Conquest in this matter, particularly considering its familiarity with the principal parties and issues. As stated, Leech Tishman has been employed as the Debtors workout counsel for over one year prior to filing these cases. The professional services that Leech Tishman expects to render include the following:

    a.    Advise the Debtors and Conquest as to the requirements of the Bankruptcy Court, the Bankruptcy Code, FRBP, Local Bankruptcy Rules, and the Office of the United States Trustee as they pertain to the Debtors and Conquest;

    b.    Advise the Debtors and Conquest as to certain rights and remedies of their bankruptcy estates and the rights, claims, and interests of creditors and/or other parties in interest;

    c.    Assist the Debtors and Conquest with the negotiation, documentation, and any necessary Court approval of transactions disposing of property of the estate, including, without limitation, concluding the workout proposal with JIB and hopefully a consensual arrangement with CNB;

    d.    Represent the Debtors and Conquest in any proceeding or hearing in the Bankruptcy Court (assuming Leech Tishman's *pro hac vice* requests are granted by the Court) which involve the bankruptcy estates unless the Debtors and/or Conquest are represented in such hearing or proceeding by special counsel;

    e.    Conduct examinations of witnesses, claimants and/or adverse parties and

represent the Debtors and Conquest in any adversary proceeding, except to the extent that such adversary proceeding is outside of Leech Tishman's expertise or beyond Leech Tishman's staffing capabilities;

   f. Prepare and assist the Debtors and Conquest in preparation of reports, applications, and pleadings, including, but not limited to, applications to employ professionals and experts, interim statements and operating reports, initial filing requirements, schedules, statement of financial affairs, financing pleadings, and pleadings with respect to the Debtors' use, sale, or lease of property outside the ordinary course of their businesses;

   g. Prepare and assist the Debtors and Conquest in the negotiation, formulation, preparation, and confirmation of plans of reorganization ("**Plan**") and the preparation and approval of disclosure statements in connection with the Plans;

   h. Advise the Debtors and Conquest as to their power and duties as debtors-in-possession in the continued operation of their businesses and management of their property; and

   i. Perform any other services, which may be necessary and appropriate in the representation of the Debtors and Conquest during the Bankruptcy Cases.

   Leech Tishman is a full-service national business law firm. Mr. Frey and the other Leech Tishman attorneys that will be working on these Bankruptcy Cases are not admitted to practice in the State of Missouri or before this Court. Mr. Frey is admitted to practice law in California, in the United States District Court for the Northern, Central and Southern Districts of California and in the Ninth Circuit Court of Appeals. Pro Hac Vice Applications for each of said Leech Tishman attorneys are being submitted by Local Counsel for this Court's approval. Inasmuch as Leech Tishman is a national firm, it also utilizes the services of partners, counsel, associates, and paralegals in other offices, particularly those working in its main office located in Pittsburgh, Pennsylvania.

   Mr. Frey and several other Leech Tishman attorneys routinely practice in matters of insolvency, reorganization, and bankruptcy and are well-qualified to represent the Debtors and Conquest. Over the past thirty-seven years, Mr. Frey (the lead counsel at Leech Tishman for

Debtors and Conquest in these cases) has also been involved in bankruptcy cases throughout the United States, such as Arizona, Delaware, New York, Texas, West Virginia and others. Attached hereto as **_Exhibit 1_** is a copy of Leech Tishman's firm's resume and current hourly billing rates for the attorneys that are expected to render services in this Bankruptcy Case. These hourly rates are subject to periodic adjustments to reflect economic and other conditions usually on January 1st of each year. By special arrangement with the Debtors and Conquest due to Leech Tishman's lengthy involvement in these cases and to assist with the administrative burden in these cases, Leech Tishman has agreed to reduce the rate of its lead counsel in this case, Mr. Frey, from his usual and customary rate of $600 per hour to $432 per hour and charge its usual and customary rates for partners, associates and paralegals.

Leech Tishman will not be required to represent or advise the Debtors or Conquest in matters that are outside the scope of Leech Tishman's employment. Further, Leech Tishman will not be required to represent or advise the Debtors or Conquest in matters where Leech Tishman determines that it lacks the ability to staff the matter adequately, such as in certain, major complex litigation. A copy of the current retention agreement between Leech Tishman and the Debtors (collectively "Agreement") are attached hereto as **_Exhibit 2_**. Leech Tishman will not undertake responsibly for any matters that are not within the scope of its representation as set forth in the Agreement without further order of this Court. The Debtors and Conquest may request that Leech Tishman undertake specific matters that are beyond the scope of the responsibilities set forth in the Agreement. Should Leech Tishman agree in its discretion to undertake such representation of the Debtors and/or Conquest, Leech Tishman will seek approval from the Court.

### III.
### COMPENSATION

As stated, Leech Tishman has agreed to reduce the rate of its lead counsel in this case, Sandford Frey, from his usual and customary rate of $600 per hour to $432 per hour, and charge its usual and customary rates for partners, associates and paralegals.

Prior to the Petition Date, Leech Tishman received an aggregate retainer of $150,000, allocated in the amount of $90,000.00 from MoJack, $50,000 from IlJack and $10,000 from Conquest (collectively "**Pre-Petition Advance**"). The source of the Pre-Petition Advance was derived from a junior secured loan from third party Trinity & Bowman Holdings, LLC ("**Trinity**"). Trinity loaned the Debtors and Conquest an aggregate of $150,000, allocated $90,000 to MoJack, $50,000 to IlJack and $10,000 to Conquest. In connection with its loan, Trinity has recorded a financing statement against the Debtors and Conquest to secure payment and performance of the loan. Leech Tishman is informed and believes that no member of the Debtors or Conquest (or of their respective members) holds an equity interest in Trinity. Immediately prior to filing these Chapter 11 cases, Leech Tishman drew down $120,804.00 of the Pre-Petition Advance prior to the Petition Date to satisfy its pre-petition invoices in the ordinary course of business.

Pursuant to the agreed upon terms, TNH Partners, LLC ("**TNH**" or "**Guarantor**") has agreed to guaranty the fees and expenses of Leech Tishman. A true and correct copy of the Guaranty is attached to the Agreement which is attached hereto as ***Exhibit "2"***. Regardless of the Guaranty, the parties acknowledge, understand and agree that Leech Tishman represents and owes a duty of loyalty solely to MoJack, IlJack and Conquest, as Debtors and Debtors-in-Possession; that Leech Tishman does not represent and will not undertake to represent or advise TNH and has no duty of loyalty to TNH; that there exists no attorney-client relationship between TNH and Leech Tishman; and that Leech Tishman may only take instructions from the Debtors and Conquest, as applicable, as the representatives of their Chapter 11 estates.

Leech Tishman agreed to this arrangement based upon a number of factors, including, but not limited to, the size and complexity of these cases, the time that Leech Tishman expects to put forth in these cases, the amount of funds available to pay retainers, and the risk to Leech Tishman if the cases are unsuccessful.

Leech Tishman is aware of and understands Sections 327, 330, and 331 of the Bankruptcy Code, which require, among other things, Court approval of the Debtors' and

Conquest's employment of Leech Tishman as bankruptcy counsel and of all professional fees and reimbursement of professional expenses.

Pursuant to Local Bankruptcy Rule 2016-2(B), Leech Tishman seeks Court authorization to submit monthly bills for payment of 80% of fees and 100% of expenses for the applicable Debtor and Conquest in compliance with Local Bankruptcy Rule 2016-2(B) and the Court's Guidelines for Compensation in the Procedures Manual, and to submit such bills to the Debtors and Conquest and to those entitled to notice under such rules.

Leech Tishman will file one or more fee applications seeking authority to receive compensation and reimbursement of expenses from the Debtors and Conquest consistent with the procedures set forth in Local Bankruptcy Rule 2016-2(B) and (C), any orders of the Bankruptcy Court and applicable procedures established by the Office of the United States Trustee. Leech Tishman recognizes that hearings on interim applications shall be scheduled on no less than 30 days-notice following the procedures of Local Bankruptcy Rule 2016-1(D).

## IV. NO ADVERSE INTERESTS/DISINTERESTEDNESS

As set forth in the attached declarations, and except as set forth below, neither Mr. Frey nor Leech Tishman hold any interest adverse to the Debtors or Conquest, or represents any interest adverse to the Debtors or Conquest or their estates. As set forth in the attached declarations, and except for the disclosures set forth below, Mr. Frey and Leech Tishman are "disinterested persons" as that term is defined in Section 101(14) of the Bankruptcy Code.

Leech Tishman seeks authorization to represent Conquest in the reorganization. Conquest is the sole member of the Debtors. For a full and complete understanding of the employment disclosures, the Court, United States Trustee and parties in interest should note that TNH is the Debtors' manager and is also the managing member of Conquest.

Prior to the filing of these cases, Leech Tishman also provided very limited general business advice to the Debtors specifically concerning the buyout of the interest of a deceased partner and in connection with a proposed purchase of the Debtors franchise restaurants (which did not come to fruition). The proposed purchaser also sought to purchase certain franchise

#2649450v1  8

restaurants from certain non-debtor entities that operate Jack in the Box franchise restaurants throughout California, specifically Desert Jack, LLC, Envision Foods, LLC and Allied Restaurant Management, LLC. TNH (the Debtors' manager and Conquest's managing member) is also the managing member of Desert Jack, LLC, and has an interest in a member of Envision Foods, LLC and Allied Restaurant Management, LLC. Leech Tishman's role was extremely limited to general advice to the Debtors. Additionally, Leech Tishman is informed and believes that the proposed purchase never made it past preliminary stages because the proposed purchaser could not qualify under JIB's regulations.

It should also be noted that prior to the filing of the petitions, the Debtors would periodically make intercompany transfers according to cash flow needs. The Debtors' books and records do not currently reveal any outstanding balances, although the Debtors are continuing to investigate this issue.

With respect to Leech Tishman's proposed representation of Conquest, Conquest is a co-franchisee of the Franchise Restaurants under the Franchise Documents. Conquest is also a co-borrower under a loan from CNB (the largest creditor of the Debtors and Conquest apart from JIB), and a co-defendant in a lawsuit filed by CNB. Conquest's creditors are JIB, CNB and Trinity, and Conquest has no unsecured creditors, except the precautionary listing of the creditors of the Debtors. Leech Tishman has not represented Conquest in the past, except that it represented the Debtors and Conquest in connection with the CNB lawsuit and in connection with a counterclaim initiated against CNB. It would be impractical for Conquest to retain separate counsel. Conquest does not have operations or employees of its own, and its primary assets are its membership interests in the Debtors and its rights under the Franchise Documents.

It is respectfully submitted that these matters do not rise to a level that would preclude Leech Tishman from representing the Debtors and Conquest pursuant to Bankruptcy Code § 327. Further, considering the length of time that Leech Tishman has been engaged in this restructuring workout, and its familiarity with the issues and parties, it will adversely impact the Debtors and Conquest and their estates and their creditors, if the Debtors and/or Conquest are

#2649450v1 9

compelled to employ new counsel or separate counsel at this stage of the proceedings. The benefit of having continuity and common counsel for the Debtors and Conquest is a direct benefit to the estates of each of the Debtors and Conquest, as engaging new or separate counsel to represent the Debtors or Conquest would add considerably more expense to their respective Chapter 11 estates.

References to Leech Tishman includes all attorneys and person employed by Leech Tishman. Leech Tishman is not a creditor of the Debtors or Conquest, an equity security holder of the Debtors or Conquest, or an insider of the Debtors or Conquest. Leech Tishman is not and was not, within 2 years prior to the Petition Date, a director, officer, or employee of the Debtors or Conquest. Pursuant to the disclosures contained in the Motion and the attached declarations, Leech Tishman has no interest materially adverse to the interests of the estates or any class of creditors or equity security holders, either by reason of any direct or indirect relationship to, connection with, or interest in the Debtors or Conquest, or for any other reason.

## IV.   CONCLUSION

Based on the information set forth in this Motion, the Debtors and Conquest respectfully requests that this Court enter interim and final orders approving and authorizing the employment of Leech Tishman as Chapter 11 bankruptcy counsel for the Debtors and Conquest as of the Petition Date. The Debtors and Conquest believe that the employment of Leech Tishman upon

the terms and conditions set forth above is in the best interests of the Debtors and Conquest and their bankruptcy estates.

| | |
|---|---|
| Dated: February 16, 2021 | MISSOURI JACK, LLC, a Missouri limited liability company<br>  By:  TNH Partners, LLC, its Manager |
| | ILLINOIS JACK, LLC, an Illinois limited liability company<br>  By:  TNH Partners, LLC, its Manager |
| | CONQUEST FOODS, LLC, a Delaware limited liability company<br>  By:  TNH Partners, LLC, its Managing Member |
| | by: /s/ Navid Sharafatian<br>    Navid Sharafatian<br>    Member of TNH Partners, LLC. |

Presented by:
LEECH TISHMAN FUSCALDO & LAMPL, INC.
(Pro Hac Vice Applications Pending)
SANDFORD L. FREY (CA #117058)
200 South Los Robles Avenue, Suite 300
Pasadena, CA 91101
(626)796-4000/(626) 795-6321
Email: sfrey@leechtishman.com
(Proposed) Reorganization Attorneys for
Missouri Jack, LLC, Illinois Jack, LLC, and Conquest Foods, LLC, Debtors and Debtors in Possession

Respectfully Submitted,

SUMMERS COMPTON WELLS LLC

By:/s/ David A. Sosne
DAVID A. SOSNE (#28365MO)
8909 Ladue Road
St. Louis, MO 63124
(314) 991-4999/(314) 991-2413 Fax
Email: dasattymo@summerscomptonwells.com