**IN THE UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Case No. 21-40540-399 |
| | (Jointly Administered) |
| **MISSOURI JACK, LLC,** *et al.*, | Chapter 11 |
| | Hon. Barry S. Schermer |
| **Debtors and Debtors in Possession,** | |
| | Objection Deadline: March 12, 2021 |
| | |
| | Hearing Date: March 17, 2021 |
| | Hearing Time: 11:00 am (CT) |
| | Hearing Location: Courtroom 5 North |

**OBJECTION OF CONSTELLATION NEWENERGY – GAS DIVISION, LLC
TO THE EMERGENCY FIRST-DAY MOTION BY DEBTORS
MISSOURI JACK, LLC AND ILLINOIS JACK, LLC FOR ENTRY OF INTERIM
AND FINAL ORDERS (I) PROHIBITING UTILITY PROVIDERS FROM
ALTERING, REFUSING, OR DISCONTINUING UTILITY SERVICES, (II)
DETERMINING ADEQUATE ASSURANCE OF PAYMENT FOR FUTURE UTILITY
SERVICES, AND (III) GRANTING RELATED RELIEF**

Constellation NewEnergy – Gas Division, LLC ("CNEG"), by counsel, hereby objects to the *Emergency First-Day Motion By Debtors Missouri Jack, LLC and Illinois Jack, LLC For Entry of Interim and Final Orders (I) Prohibiting Utility Providers From Altering, Refusing, or Discontinuing Utility Services, (II) Determining Adequate Assurance of Payment For Future Utility Services, and (III) Granting Related Relief* (the "Utility Motion") (Docket No. 11), and sets forth the following:

**Introduction**

In complete contravention of the express provisions of Section 366(c) of the Bankruptcy Code, the Debtors filed the Utility Motion at the outset of this case that sought, without evidence or supporting documentation, to establish that the Debtors should not have to provide any adequate assurance of payment whatsoever to their utility providers because the Debtors supposedly timely

1

paid prepetition utility charges. Section 366(c)(3)(B)(ii) expressly provides that in making an adequate assurance of payment determination, a court may not consider a debtor's timely payment of prepetition utility charges. Additionally, the Debtors want the Court to approve so-called "procedures," not authorized by the express provisions of Section 366, that would improperly extend the 30-day period in Section 366(c)(2) for a Chapter 11 debtor to provide a defined form of adequate assurance of payment to its utilities. Simply put, the Debtors' offer to provide no adequate assurance of payment to their utilities and the Debtors' proposed "procedures" are contrary to the express provisions of Section 366(c) and should be rejected by this Court.

CNEG is seeking a two-month cash deposit in the amount of $9,922 from the Debtors, which is an amount that CNEG can obtain pursuant to the Gas Agreement (as defined below). Based on all the foregoing, this Court should deny the Utility Motion as to CNEG because the amount of the CNEG post-petition deposit request is reasonable under the circumstances and should not be modified.

## Facts

### Procedural Facts

1. On February 16, 2021 (the "Petition Date"), the Debtors commenced their cases under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") that are now pending with this Court. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

2. The Debtors' chapter 11 bankruptcy cases are being jointly administered.

### The Utility Motion

3. On February 19, 2021, the Court entered the *Interim Order Granting*

*Emergency First-Day Motion By Debtors Missouri Jack, LLC and Illinois Jack, LLC For Entry of Interim and Final Orders (I) Prohibiting Utility Providers From Altering, Refusing, or Discontinuing Utility Services, (II) Determining Adequate Assurance of Payment For Future Utility Services, and (III) Granting Related Relief* (the "Interim Utility Order")(Docket No. 53).

4. In the Utility Motion, the Debtors seek to avoid the applicable legal standards under Sections 366(c)(2) and (3) by proposing that the Debtors' alleged prepetition practices of generally timely paying for most utility services, in conjunction with their alleged ability to pay for future utility services, constitutes sufficient adequate assurance of payment. Utility Motion at ¶ 17.

5. The Debtors' supposed "adequate assurance of payment" of providing their utilities with nothing and the proposed Adequate Assurance Procedures set forth in the Utility Motion are unacceptable to CNEG and should not be considered relevant by this Court because Sections 366(c)(2) and (3) do not allow the Debtors to provide no adequate assurance of payment to their utilities.

6. The Debtors' claim that they were generally current paying their prepetition utility bills should not be considered by the Court, and should certainly not provide the basis for the Debtors' proposed form of adequate assurance of payment which is to provide nothing to their utilities, because (i) Section 366(c)(1)(B)(ii) expressly provides that when making an adequate assurance of payment determination, a court may not consider a debtor's timely payment of prepetition utility charges and (ii) and the express forms of adequate assurance of payment set forth in Section 366(c)(1)(A) does not include the timely payment of prepetition utility charges.

3

7. Furthermore, the Utility Motion does not address why this Court should consider modifying, if at all, the amount of CNEG's adequate assurance request pursuant to Section 366(c)(2).

### Facts Regarding CNEG

8. CNEG provides natural gas and related services to the Debtors pursuant to a Master Retail Sale Agreement and related Transaction Confirmations (collectively, the "Gas Agreement") that set forth the terms and conditions concerning CNEG's provision of natural gas and related services to the Debtors. CNEG has continued to provide the Debtors with natural gas and related services pursuant to the Gas Agreement since the Petition Date.

9. Pursuant to the Gas Agreement, the Debtors receive approximately one month of natural gas and related services before CNEG issues a bill. Once a bill is issued, the Debtors have 10 days to pay the applicable bill. If the Debtors fail to timely pay a bill, a late fee may be subsequently imposed on the account. Accordingly, the Debtors could receive approximately two months of natural gas and related services before CNEG could terminate the Gas Agreement after a post-petition payment default.

10. CNEG is requesting a two-month cash deposit of $9,922 as adequate assurance of payment from the Debtors, which is an amount it can obtain from the Debtors pursuant to the terms and conditions of the Gas Agreement.

**Discussion**

A.  **THE UTILITY MOTION SHOULD BE DENIED AS TO CNEG.**

Sections 366(c)(2) and (3) of the Bankruptcy Code provide:

> (2) Subject to paragraphs (3) and (4), with respect to a case filed under chapter 11, a utility referred to in subsection (a) may alter, refuse, or discontinue utility service, if during the 30-day period beginning on the date of the filing of the petition, the utility does not receive from the debtor or the trustee adequate assurance of payment for utility service that is satisfactory to the utility;

> (3)(A) On request of a party in interest and after notice and a hearing, the court may order modification of the amount of an assurance of payment under paragraph (2).

As set forth by the United States Supreme Court, "[i]t is well-established that 'when the statute's language is plain, the sole function of the courts--at least where the disposition required by the text is not absurd--is to enforce it according to its terms.'" *Lamie v. United States Trustee*, 540 U.S. 526, 534, 124 S. Ct. 1023, 157 L. Ed. 2d 1024 (2004) (*quoting Hartford Underwriters Ins. Co.* v. *Union Planters Bank, N. A.,* 530 U.S. 1, 6, 120 S. Ct., 1942, 147 L. Ed. 2d 1 (2000)). *Rogers v. Laurain (In re Laurain)*, 113 F.3d 595, 597 (6th Cir. 1997) ("Statutes . . . must be read in a 'straightforward' and 'commonsense' manner."). A plain reading of Section 366(c)(2) makes clear that a debtor is required to provide adequate assurance of payment satisfactory to its utilities on or within thirty (30) days of the filing of the petition. *In re* Lucre, 333 B.R. 151, 154 (Bankr. W.D. Mich. 2005).

In this case, the Debtors filed the Utility Motion to improperly shift the focus of their obligations under Section 366(c)(3) from modifying the amount of the adequate assurance of payment requested under Section 366(c)(2) to setting the form and amount of the adequate assurance of payment acceptable to the Debtors, which is providing no adequate assurance whatsoever to CNEG. Accordingly, this Court should not reward the Debtors for their failure to

5

comply with the requirements of Section 366(c) and deny the Utility Motion as to CNEG.

The Debtors do not provide the Court with any evidence or factually supported documentation to explain why the amount of CNEG's adequate assurance request should be $0.00. Accordingly, the Court should deny the relief requested by Debtors in the Utility Motion and require the Debtors to comply with the requirements of Section 366(c) with respect to CNEG.

**B. THE COURT SHOULD ORDER THE DEBTORS TO PROVIDE THE ADEQUATE ASSURANCE OF PAYMENT REQUESTED BY CNEG PURSUANT TO SECTION 366 OF THE BANKRUPTCY CODE.**

CNEG bills the Debtors on a monthly basis for the charges already incurred by the Debtors in the prior month. CNEG then provides the Debtors with 10 days to pay a bill before a late fee may be charged, and also provides written notice before utility goods/services can be terminated for non-payment pursuant to the Gas Agreement. Based on the foregoing contract-mandated billing cycle, the minimum period of time the Debtors could receive service from CNEG before termination of service for non-payment of post-petition bills is approximately two (2) months. Moreover, even if the Debtors timely pay their post-petition utility bills, CNEG still has potential exposure of approximately 60 days based on its billing cycle. Furthermore, the amount of the CNEG deposit request is the amount that the Gas Agreement permits CNEG to request from the Debtors. CNEG is not taking the position that the deposit that it is entitled to obtain pursuant to the Gas Agreement is binding on this Court, but instead is introducing that amount as evidence of amount that the Gas Agreement permits CNEG to request from the Debtors.

WHEREFORE, the CNEG respectfully requests that this Court enter an order:

1. Denying the Utility Motion as to CNEG;

6

2. Awarding CNEG the post-petition adequate assurance of payment pursuant to Section 366 in the amount and form satisfactory to CNEG, which is the form and amount requested herein; and

3. Providing such other and further relief as the Court deems just and appropriate.

Dated: March _5_, 2021

/s/ Norah J. Ryan_____
Norah J. Ryan, Attorney at Law
Mo. Bar No. 32123, E.D. Mo. No. 4240
c/o Nebula Coworking
3407 South Jefferson Ave.
St. Louis, Missouri 63118
Telephone: (314) 241-9994
Facsimile: (314) 677-2089
Email: norah@norahryan.com

and

Russell R. Johnson III
John M. Craig
Law Firm of Russell R. Johnson III, PLC
2258 Wheatlands Drive
Manakin-Sabot, Virginia 23103
Telephone: (804) 749-8861
E-mail: russell@russelljohnsonlawfirm.com
john@russelljohnsonlawfirm.com

*Counsel For Constellation NewEnergy – Gas Division, LLC*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on March _5_, 2021, a true and correct copy of the above and foregoing *Objection* was served via electronic filing through the CM/ECF system of the U.S. Bankruptcy Court, Eastern District of Missouri upon all parties to this matter requesting service by electronic filing.

/s/ Norah J. Ryan_____
Norah J. Ryan