| | |
|---|---|
| **From:** | Robyn B. Sokol <rsokol@leechtishman.com> |
| **Sent:** | Wednesday, June 22, 2022 4:54 PM |
| **To:** | Miller, W. Timothy; Sandford L. Frey; Dennette Mulvaney; dasattymo@summerscomptonwells.com |
| **Cc:** | Johnson, Karl |
| **Subject:** | RE: In re Missouri Jack, LLC, et al. (Case No. 21-040540-399 (Bankr. E.D. Mo.) |

[EXTERNAL MESSAGE]

Tim,

The Debtors intend to reject the Operating Agreement mentioned below.  The Operating Agreement will not be assumed through the Plan.

Regards,

Robyn


**Robyn B. Sokol | Partner**
rsokol@leechtishman.com

**LEECH**TISHMAN
**LEECH TISHMAN FUSCALDO & LAMPL, INC.**
leechtishman.com

200 South Los Robles Avenue, Suite 300
Pasadena, CA 91101
T: 626.796.4000 | F: 626.795.6321
Direct 626.395.7343 | Toll-Free 844.750.1600

**PITTSBURGH | CHICAGO | LOS ANGELES | NEW YORK | PHILADELPHIA | SARASOTA | WASHINGTON, D.C.**

**From:** Miller, W. Timothy <miller@taftlaw.com>
**Sent:** Monday, June 13, 2022 2:25 PM
**To:** Sandford L. Frey <sfrey@LeechTishman.com>; Robyn B. Sokol <rsokol@leechtishman.com>; Dennette Mulvaney <dmulvaney@leechtishman.com>; dasattymo@summerscomptonwells.com
**Cc:** Johnson, Karl <KJJohnson@Taftlaw.com>
**Subject:** In re Missouri Jack, LLC, et al. (Case No. 21-040540-399 (Bankr. E.D. Mo.)
**Importance:** High


All,

Our firm represents Restaurant CP LLC, a Delaware limited liability company and captive insurance entity, of which Debtors, Missouri Jack, LLC and Illinois Jack, LLC, are members.   A copy of the operating agreement for Restaurant CP and the Debtors' signature pages to that agreement are attached.

We have reviewed the schedules of assets and liabilities and the statement of financial affairs filed in the Debtors' bankruptcy cases.  We have also reviewed the Debtors' recently filed plan solicitation package and plan supplement.  We did not see any reference in any of those documents to the Debtors' membership interests in Restaurant CP, or in the plan and plan supplement, any indication of the Debtors' intentions with respect to the Restaurant CP operating agreement.

As we read the plan, executory contracts not specifically identified as being assumed by the Debtors will be rejected.  However, we find it difficult to believe that rejection of the Restaurant CP operating agreement would be in the best interests of the Debtors.  Regardless of whether the operating agreement is assumed or rejected, the Debtors currently owe Restaurant CP $34,823 (see attached invoice) for the 2021 assessment, which is a post-petition administrative expense of the Debtors.

Could you please let us know at your earliest convenience what the Debtors intend to do with the operating agreement?   If the Debtors intend to assume the operating agreement and if there is any possibility that someone other than the existing owners of the Debtors might take control of the Debtors through the plan process, would it be possible for us to obtain a brief extension of Restaurant CP's deadline for objecting to such an assumption?

I look forward to hearing from you.

Thanks,

Tim


**Taft** /   **W. Timothy Miller**
Partner
miller@taftlaw.com
Dir: 513.357.9678
Tel: 513.381.2838   |   Fax: 513.381.0205
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202-3957


**Taft Bio**
**taftlaw.com**

This message may contain information that is attorney-client privileged, attorney work product or otherwise confidential. If you are not an intended recipient, use and disclosure of this message are prohibited. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.